**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| VERNON WADE SIMPSON,<br><br>    Plaintiff,<br><br>Vs.<br><br>WAL-MART INC., WALMART INC. #675, WAL-MART STORES EAST, L.P.; and WAL-MART ASSOCIATES, INC.<br><br>    Defendant. | Case No. 1:21-cv-1093<br>JURY DEMAND |

**NOTICE OF REMOVAL**

Comes now Defendant, Wal-Mart Stores East, L.P., incorrectly styled as Wal-Mart Inc., Walmart Inc. #675, and Wal-Mart Associates, Inc., by and through counsel, and hereby notify the Judges of the United States District Court for the Western District of Tennessee, Eastern Division, the Clerk of the Circuit Court of Obion County, Tennessee, and Plaintiff Vernon Wade Simpson that the action described herein and filed in the Circuit Court of Obion County, Tennessee is removed to the United States District Court of the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. §1441.

1. On May 11, 2021, Plaintiff Vernon Wade Simpson filed a civil action against Defendant in the Circuit Court of Obion County, Tennessee, bearing civil action No. CC-21-CV-13. Service of the Complaint and Summons was made on Defendant on June 3, 2021 through CT Corporation.

2. Plaintiff filed this premises liability action based upon an incident that occurred in Obion County, Tennessee on May 18, 2020.

3. Defendant seeks removal of this action to this Court pursuant to 28 U.S.C. §1332 upon the grounds the controversy is wholly between citizens of different states and involves an

amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

4. Plaintiff Vernon Wade Simpson is a resident and citizen of Obion County, Tennessee and was a citizen of the State of Tennessee at the time of the filing of this action and at the time of removal.

5. Defendant Walmart Stores East, L.P. is a Delaware limited partnership with its principle place of business in Bentonville, Arkansas. For purposes of determining citizenship under 28 U.S.C. §1332(c)(1), a limited partnership is deemed to be a citizen of every state where its general and limited partners reside. See Hooper v. Wofe, 396 F.3d 744, 748 (6th Cir. 2005) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L.Ed.2d 157 (1990)).

6. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs based upon the Complaint's ad damnum requesting compensatory damages in the amount of Two Hundred Thousand Dollars ($200,000).

7. This Notice is filed within the time prescribed by 28 U.S.C. §1446(b).

8. A copy of the Summons and Complaint, being all the papers served upon the Defendant, are attached as Exhibit A hereto.

WHEREFORE, Notice is hereby given that the said civil action No. CC-21-CV-13 is removed from the Circuit Court of Obion County, Tennessee, to this Court.

    Respectfully submitted,

    RAINEY, KIZER, REVIERE & BELL, PLC

By: s/ KEELY M. WILSON
KEELY N. WILSON, BPR No. 021083
Attorneys for Defendant
Wal-Mart Stores East, L.P
209 East Main Street
P. O. Box 1147
Jackson, TN  38302-1147
731/423-2414
kwilson@raineykizer.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true copy of this pleading or document was served upon the following counsel for each of the parties by mailing postage prepaid or by delivery to the person or office of such counsel:

Bradford J. Spicer
Gatti, Keltner, Bienvene & Montesti
219 Adams Avenue
Memphis, TN  38103
901/577-5595

This 18th day of June, 2021.

                                                s/ KEELY M. WILSON

**CIRCUIT COURT OF TENNESSEE**
**7 BILL BURNETT CIRCLE, UNION CITY, TENNESSEE 38261**
**FOR THE TWENTY-SEVENTH JUDICIAL DISTRICT**
**AT UNION CITY, OBION COUNTY**

**ALIAS SUMMONS IN CIVIL ACTION**

X Lawsuit
○ Divorce

Docket No. __CC-21-CV-13__   Ad Damnum **$200,000.00**

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| VERNON WADE SIMPSON | VS | WALMART INC., WALMART INC. #675, WAL-MART STORES EAST, L.P. and WAL-MART ASSOCIATES, INC. |

TO: (Name and Address of Defendant (One defendant per summons))

| | |
|---|---|
| WAL-MART STORES EAST, L.P.<br>1601 WEST REELFOOT AVENUE<br>UNION CITY, TN 38261<br><br>**SERVE THROUGH PROGRESSIVE PROCESS SERVICE** | ○ Certified Mail<br>○ Shelby County Sheriff<br>○ Commission of Insurance ($)<br>○ Other TN County Sheriff ($)<br>X Private Process Server<br>○ Other |

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Bradford J. Spicer, Plaintiff's attorney, whose address is 219 Adams Avenue, Memphis, TN 38103, telephone (901) 526-2126 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

_____ Clerk

TESTED AND ISSUED __5-11-21__   By _____ D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE **ONLY**, CALL (901) 379-7895

I, _____, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____, Clerk

**EXHIBIT A**

By: _____, D.C.

---

### RETURN OF SERVICE OF PROCESS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20___ at _____M. a copy of the summons to the following Witness _____
at _____ _____

_____  By: _____
Signature of person accepting service    Sheriff of other authorized person to serve process

---

### RETURN OF NON-SERVICE OF PROCESS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Witness _____
Because _____ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): _____
This _____ day of _____, 20___

_____  By: _____
Signature of person accepting service    Sheriff of other authorized person to serve process

---

Docket No: CC-21-CV-13

IN THE CIRCUIT COURT OF TENNESSEE FOR THE TWENTY-SEVENTH JUDICIAL DISTRICT AT UNION CITY, OBION COUNTY

SUMMONS IN A CIVIL ACTION

VERNON WADE SIMPSON,
Plaintiff,

Vs.

WALMART INC., WALMART INC. #675, WAL-MART STORES EAST, L.P. and WAL-MART ASSOCIATES, INC.
Defendants,

Bradford J. Spicer
Attorney for Plaintiff/Pro Se
901-526-2126
Telephone Number

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWENTY-SEVENTH JUDICIAL DISTRICT
AT UNION CITY, OBION COUNTY

VERNON WADE SIMPSON,

    Plaintiff,

v.

WALMART INC., WALMART INC. #675,
WAL-MART STORES EAST, L.P. and
WAL-MART ASSOCIATES, INC.
    Defendants,

NO: Cc-21-CU-13

JURY DEMANDED

OBION COUNTY
CIRCUIT COURT CLERK
FILED A.M.
9:30
MAY 11 2021

HARRY JOHNSON
    Cm   D.C.

**COMPLAINT FOR DAMAGES**

    **COMES NOW** the Plaintiff, Vernon Wade Simpson ("Plaintiff"), by and through counsel, and files this Complaint for Damages against the Defendants, Walmart Inc., Walmart Inc. #675, Wal-Mart Stores East, L.P. and Wal-Mart Associates, Inc. ("Defendants"), for cause of action and would show the Court the following:

### PARTIES

1. Plaintiff, Vernon Wade Simpson (hereafter "Mr. Simpson"), is an adult resident citizen of Union City, Obion County, Tennessee.

2. Upon information and belief, Defendants, Walmart Inc, Walmart Inc. #675, Wal-Mart Stores East, L.P., and Wal-Mart Associates, Inc. (Herein collectively known as "Walmart" or "Defendants") are corporations licensed to do business in Tennessee, whose principal addresses are 708 SW 8th Street, Bentonville, Arkansas 7212-6209, and can be served with process through their registered agents, CT Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

1

## JURISDICTION AND VENUE

3. Venue is properly situated in Obion County pursuant to Tenn. Code Ann. § 20-4-101 as the injuries sustained by Plaintiff occurred in Obion County, Tennessee.

4. This Court has jurisdiction pursuant to Tenn. Code Ann. §16-10-101.

5. This Court has subject matter jurisdiction over the causes of action pled herein.

6. All events which form the basis of this Complaint for Damages are based in tort and occurred in Union City, Obion County, Tennessee.

7. Defendant Walmart Inc. was properly served with process.

8. Defendant Walmart Inc. #675 was properly served with process.

9. Defendant Wal-Mart Stores East, L.P. was properly served with process.

10. Defendant Wal-Mart Associates, Inc. was properly served with process.

## FACTS

11. At all times pertinent to this Complaint, Defendants owned, operated and/or controlled a business called Walmart, which is located at 1601 West Reelfoot Avenue, Union City, Tennessee 38261.

12. On or about May 18, 2020, Plaintiff Vernon Wade Simpson was on the premises of the Walmart business as a paying customer.

13. Mr. Simpson was walking inside of the Walmart premises when suddenly and without warning, he slipped and fell on a liquid substance on the floor of the premises.

14. Upon information and belief, Defendants owned, operated and/or controlled the Walmart premises which was in a dangerous and defective state at the time of Mr. Simpson's fall due to the presence of the liquid substance.

15. There were no warning signs or any other indication near the liquid substance to warn customers of the dangerous condition.

16. Defendants knew or should have known of the dangerous condition of the premises which caused Mr. Simpson to full and sustain injuries.

17. As a direct and proximate result of the Defendant's negligence, Mr. Simpson sustained multiple injuries.

## CAUSE OF ACTION
## NEGLIGENCE

18. Plaintiff repeats the allegations contained in paragraphs 1-17 as though set forth verbatim.

19. The Defendants, by and through the actions and/or inactions of its employees and/or agents, were negligent in their failure to adequately maintain the premises in the area in which Mr. Simpson fell.

20. The Defendants, by and through the actions and/or inactions of its employees and/or agents, were negligent in their failure to warn Plaintiff of the possibility of injury while on the Defendant's premises.

21. The Defendants, by and through the actions and/or inactions of its employees and/or agents, were negligent in their failure to conduct a reasonable inspection of the premises, including the area where the liquid was located and surrounding areas, and for failure to adhere to policy/procedure or failing to institute an appropriate policy/procedure to maintain its premises in a safe matter.

22. The Defendants, by and through the actions and/or inactions of its employees and/or agents, were negligent in their failure to maintain a safe environment for Plaintiff and the general public while inside Walmart premises.

23. The Defendants knew or in the exercise of reasonable care should have known of the presence of the dangerous condition, or Defendants created the condition either through the acts of their employees, in their negligent maintenance of their equipment, or their negligent method of operation, and Defendants should have corrected the condition or warned Plaintiff of its existence yet failed to do so.

24. Upon information and belief, the Defendants had or should have had actual and/or constructive notice of the dangerous and defective condition that caused Mr. Simpson's injuries, yet failed to remedy that condition.

25. As a proximate result of the negligence of the Defendants, Plaintiff suffered serious and severe injuries, which required medical attention.

## COMPENSATORY DAMAGES

26. Plaintiff repeats the allegations contained in paragraphs 1-25 as though set forth verbatim.

27. As a direct and proximate result of the Defendants' negligence, Mr. Simpson suffered serious and severe personal injuries which were caused, precipitated and/or aggravated by the wrongs complained of herein.

28. Plaintiff charges and alleges that as a direct and proximate result of one, some, or all of the aforesaid acts of common-law negligence on the part of the Defendants, that Plaintiff has suffered serious, severe and great damages, including but not limited to:

   a) Serious and permanent personal injuries, past, present, and future;

   b) Pain and suffering past, present, and future;

   c) Loss of enjoyment of life, past, present, and future;

   d) Medical expenses, past, present, and future; and

   e) Great mental anguish, past, present, and future.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Vernon Wade Simpson, respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment that she has undergone, or will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital, and doctors' expenses incurred, according to proof;

3. That Plaintiff be awarded compensatory damages in an amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00);

4. That Plaintiff be awarded post-judgment interest as allowed by law;

5. That a jury be empaneled to try the issues when joined; and

6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

**GATTI, KELTNER, BIENVENU & MONTESI**

_____
Bradford J. Spicer (TN BPR#30357)
*Attorney for the Plaintiff*
219 Adams Ave
Memphis, TN 38103
Phone: (901) 577-5595
Fax:    (901) 577-5424
bspicer@gkbm.com

5